MAGGART *v.* CHESTER.

*A.*, by agreement in writing, leased to *B.* a field to be tilled in corn, containing about thirty acres, for one year from *March* 1, 1849; and *B.*, for the use of the field, was to give as rent one-third of the crop husked and delivered in the crib which *A.* was to furnish in the field. The corn was to be husked and cribbed on or before the 1st of *January*, 1850. The agreement then proceeds: The said *B.* is to move into the dwelling-house where *C.* now lives, and to have the privilege of firewood by using dead timber unfit for rails. *Held*, that the agreement rendered it obligatory upon *A.* to furnish *B.* a house to live in during the term of his lease. *Held*, also, that in an action by *B.* before a justice of the peace for the neglect and refusal of *A.* to furnish the house, an averment in the cause of action of a demand by *B.* of the house was not necessary, even if the demand were necessary to be proved in order to maintain the suit. *Held*, also, that it was competent for *B.* to prove, by parol, that the house was situate on the premises leased.

ERROR to the *Tippecanoe* Court of Common Pleas.

DAVISON, J.—*Maggart* sued *Chester* before a justice of the peace. The defendant moved to dismiss the suit for want of a sufficient cause of action. Motion overruled and judgment for the plaintiff. The defendant appealed.

In the Court of Common Pleas, the defendant renewed his motion to dismiss, which was sustained, and judgment given for the defendant.

The cause of action alleges that *Chester*, who is described as guardian of the heirs of *Henry L. Doubleday*, deceased, entered into an agreement in writing with *Maggart*, whereby he leased to him a certain piece of ground belonging to said heirs, for the purpose of tilling the same in corn for one year from the 1st of *March*, 1849, together with a certain dwelling-house belonging to said heirs, where *J. Cullum* then lived, and also with the privilege of obtaining fire-wood. And in consideration of the lease and privileges aforesaid, *Maggart* bound himself, in said agreement, to deliver as rent one-third of the corn in the crib, on the 1st of *January*, 1850. It is averred that the plaintiff performed the agreement on his part; and the breach assigned is, that the defendant had neglected and refused to furnish to the plaintiff the said dwelling-house, &c.

The agreement referred to, was filed as a part of the cause of action. It shows that *Chester* leased to *Maggart* a field to be tilled in corn, situated on the north end of the *Doubleday* farm, containing about thirty acres, for one year from the 1st of *March*, 1849 ; and that *Maggart*, for the use of said field, was to give as rent one-third of the corn-crop, husked and delivered in the crib, which *Chester* was to furnish in said field. The rent-corn was to be husked and cribbed on or before the 1st of *January*, 1850. The agreement then proceeds : " The said *Maggart* is to move into the dwelling-house where *J. Cullum* now lives, and to have the privilege of fire-wood by using dead timber unfit for rails."

The dismissal of the suit is the only error assigned.

The clause in the lease upon which the questions in this case arise, is as follows : " The said *Maggart* is to move into the dwelling-house where *J. Cullum* lives."

It is contended that the language here used did not render it obligatory on *Chester* to furnish *Maggart* with a house; that if it amounted to any thing, it was a mere consent or stipulation on his part to move into the house.

We are not of that opinion. In giving an interpretation to the clause in question, we must look into the whole agreement, and give it such construction as will accord with the real intention of the parties; and this being done, it appears to us that their intention was, that *Chester* should furnish *Maggart* not only with land to till, but also with a house to live in during the term of his lease. Unless the clause referred to can be so interpreted, the reasons for placing it in the lease cannot be well understood.

A question is raised as to whether the plaintiff would have the right to show by parol that the house was situate on the land and constituted a part of the demised premises. We think he would. Parol evidence in that case would, in effect, merely identify the property, and not vary, contradict, or enlarge the agreement. 1 Greenl. Ev. ss. 286, 301.

It is insisted that the cause of action is defective, there

being no allegation of a demand on *Chester*. We think the cause of action sufficient without such averment. This suit was commenced before a justice; and it has been held, that " any statement, however short or informal it may be, will answer the purpose, provided enough be shown to bar another action for the same demand, and apprise the defendant of the nature of the claim." 4 Blackf. 13.—5 *id*. 40.

If, in this case, a demand on *Chester* before suit was requisite, it could have been proved on the trial without an averment to that effect in the cause of action. 1 Ind. R. 224. The motion to dismiss should have been overruled.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*H. W. Chase*, for the plaintiff.

*R. C. Gregory*, for the defendant.