May Term, 1857.

REED
v.
THAYER.

*Friday, May 29.*

(1) *Doe* v. *Herr*, 8 Ind. R. 23, 24.

———— ·◄•►· ————

9  157
Case 2
165  355

REED and Another *v.* THAYER and Another.

*A., B.* and *C.* were partners, and dissolved their partnership. *B.* and *C.* brought suit against *A.*, joining *D.* as co-defendant, alleging in their complaint that *A.* had got possession of the effects of the firm, and had assigned part of them to *D.*, ostensibly to secure the payment of a pretended debt, evidenced by notes executed by *A.*, but really, in pursuance of a conspiracy to cheat and defraud *B.* and *C.*, as the firm was not indebted to *D.* Answer

under oath, denying the complaint. Issues were made by replies. The debt pretended to be due from the firm to D. was alleged to be for 6,000 dollars lent. A list of D.'s taxable property, as sworn to by himself, was admitted in evidence, to show that at the time at which the loan was alleged to have been made, he had not that amount of money. *Held*, that there was no error.

*Quære*, whether the defendants, in such case, could give evidence of general reputation as to D.'s pecuniary means.

To diminish the effect of the tax-list, the defendants undertook to show that D. did not understand its contents when he signed and swore to it. They offered to prove by the county treasurer that when D. paid his taxes, he told the treasurer that there must be some mistake—that his taxes were more. The Court refused to admit the testimony. *Held*, that it was properly refused: the declaration was no part of the *res gesta*.

The Court instructed the jury, in this case, that if they should find the whole or any part of D.'s claim against *A.*, *B.* and *C.* unsustained by the evidence, they should find the assignment fraudulent, and the defendants responsible for the amount. *Held*, that this was error.

The Court refused to instruct the jury that, if they found any part of the claim correct, and that the assignment was of notes, &c., as collateral security, and the amount of the security was not excessive, they might find the assignment *bona fide*, notwithstanding some part of D.'s claim had not been fully proved. *Held*, that the instruction might have been given, with this addition:—if the assignment was not otherwise fraudulent.

A jury may be sent back to correct a defective verdict.

APPEAL from the *Miami* Circuit Court.

PERKINS, J.—*Reed, Thayer* and *Constant* were partners, and dissolved their connection as such. This suit was instituted by *Thayer* and *Constant* against *Reed*, with whom they also joined one *Miller*, as a co-defendant; and the complaint, being somewhat in the nature of a bill in chancery under the old practice, alleged that *Reed* had got possession of the effects of the firm, and had assigned near 7,000 dollars in amount of them to *Miller*,—ostensibly to secure payment of a pretended debt of the firm, evidenced by notes executed by *Reed*—but really in pursuance of a conspiracy between him and *Miller* to cheat and defraud said *Thayer* and *Constant*, as the firm was not in any manner indebted to *Miller*. The complaint contained additional allegations, but enough has been stated for the purposes of the investigation now to be made.

The separate answers of the defendants, so far as the present occasion is concerned, may be taken as denials un-

der oath of the complaint.   The cause was put at issue by replies.   A jury was called, the cause heard, verdict and judgment for the plaintiffs.

Several questions are presented by bills of exception. The debt pretended to be due from the firm to *Miller* was alleged to be for money lent, 6,000 dollars.   And as tending to prove that *Miller* had not had that amount of means at the time, &c., at which it was claimed the moneys were loaned, the list of his taxable property, as sworn to by himself, was offered in evidence.   But the defendants objected to it on two grounds—1. Because it was irrelevant testimony.   2. Because being denied under oath, it had not been sufficiently proved.   The paper was admitted, and, we think, correctly.   It tended to prove an important point in the plaintiff's case, and not being a paper incorporated into or referred to in the pleadings as the foundation of the action or defense, it did not fall within the rule of the statute as to such papers.   It did not require the corroboration of two witnesses, or facts equivalent thereto.   2 R. S. p. 44, s. 80.

The defendants were not permitted to give evidence of general reputation as to *Miller's* pecuniary means.   We think this was no error; and, so far as this case is concerned, we so decide; but with a hesitation that will leave the point open to reconsideration on fuller argument.   The suit involved simply questions of private concern.   It is well settled, as the general rule, that hearsay evidence is not admissible.   Some exceptions to the rule—such as proof of pedigree, boundary, moral character, &c.—have been established; but the disposition of Courts is not to multiply them.   Per STORY, Justice, in *Ellicott* v. *Pearl*, 10 Pet. on pp. 435, 436.   See, on this point, 1 Greenl. Ev. p. 213, *et seq*.   We have not found any case where such evidence has been admitted to prove the solvency or insolvency of a party.   In the U. S. Dig. vol. 14 (1854), p. 275, s. 247, it is laid down that, "Whether a party is insolvent or not, cannot be proved by general reputation.   *Molyneaux* v. *Collier*, 13 Geo. R. 406."   We have not been able to obtain the volume of reports cited, and we place no confi-

dence in the correctness of the digest.   We do not, there-
fore, cite it as authority, but simply as a reference to a case
to be examined, when opportunity offers.   See *Herald* v.
*Scott,* 2 Ind. R. 55.

To diminish the force of the tax-list above mentioned as
evidence, the defendants undertook to prove that *Miller*
did not understand its contents when he signed and swore
to it; and, as tending to establish this fact, they offered to
prove by the treasurer of the county, "that when *Miller*
came to pay his taxes for 1854, he told the treasurer that
there must be some mistake about it—that his taxes must
be more than that;" but the Court refused to allow the
testimony to be given.

We can see no reason why the testimony should have
been given.   The declaration does not fall under the rule
as to part of the *res gesta.*

The Court instructed thus:

" If the jury find that the whole or any part of *Miller's*
claim against *Reed & Co.,* is not sustained by evidence,
you should find the assignment of the notes and accounts
of *Reed & Co.* to *Miller* fraudulent; and the defendants
are responsible in this action for the amount thus as-
signed."

The defendants asked the Court to tell the jury that if
they found "any part of the claim of *Miller* against the
firm of *Reed & Co.* correct, and that *Reed* assigned the
notes and accounts named in the complaint as collateral
security, and the amount of the security was not excessive,
they might find said assignment to be *bona fide*, notwith-
standing some part of *Miller's* claim had not been fully
proven."   We add—if the assignment was not otherwise
fraudulent.   See Burrill on Assignments, 225, 226.   The
simple fact that the amount of the securities exceeded that
of the principal debt, would not render the assignment of
them fraudulent.   The securities might not themselves be
all collectable.   We think the instruction given erroneous;
and that that asked might have been correct, with the ad-
dition we have appended to it.

A point is made in relation to the right of the jury to

amend their verdict. It is not material to discuss the action of the Court below, touching the matter, in this case. It is sufficient to say that a jury may be sent back to correct a defective verdict. *Noble* v. *Epperly*, 6 Ind. R. 468. See, as to amendment of verdict by the Court, *Jones* v. *Vanzandt*, 2 McLean, 611.

The proceeds of the judgment would necessarily have to be applied in the first place, in liquidation of partnership debts. They would constitute, for that purpose, a trust fund, and perhaps should be paid to a receiver.

*Per Curiam.*—The judgment below is reversed, with costs. Cause remanded for a new trial. The reversal extends back to the issues, and carries costs to that point. *Doyle* v. *Kiser*, 8 Ind. R. 396.

*N. O. Ross, R. P. Effinger, D. M'Donald,* and *A. G. Porter,* for the appellants.

*H. P. Biddle, E. T. Dickey,* and *H. J. Shirk,* for the appellees.