Whitten and als. *v.* Tisdale.

J. D. WHITTEN AND ALS. *versus* SETH TISDALE.

Although the master of a ship in a foreign port has authority to procure all supplies and repairs necessary for the safety of the ship and the due performance of the voyage, on the credit of the owner, he must be restricted to such repairs and supplies as are in a just sense necessary for the ship *under the actual circumstances of the voyage,* and a suit against the owner for their value cannot be maintained without proof that such repairs and supplies were *necessary.*

This is an action of assumpsit brought to recover the amount of a bill of ship chandlery, and the following facts are agreed between the parties.

1. At the time said bill was contracted the defendant was sole owner of the schooner Roanoke, and the articles in said bill were furnished and delivered in Boston by the plaintiffs,

as alleged, to one Edward Mullen, then master of said schooner, who ordered the goods and directed them charged to "schooner Roanoke and owners," but without the knowledge or assent of the defendant.

2. That said Mullen was then sailing the said schooner on shares, and had the possession and control of her, there being a verbal agreement between said Mullen and defendant that Mullen should victual, man and sail the schooner, and pay the defendant one-half of the proceeds, according to the general custom in this state.

3. And it is further agreed that said articles so furnished were such as were convenient, necessary, and ordinarily used in vessels of the class of the Roanoke, and that said schooner, on her return voyage from the West Indies, a few months after these supplies were furnished, was lost, together with the master and crew. If in the opinion of the court this action is maintainable, judgment is to be rendered for the amount claimed in the annexed bill. Otherwise plaintiffs are to be nonsuited.

*Charles Lowell*, counsel for the plaintiff.

*A. F. Drinkwater*, counsel for the defendant.

TENNEY, C. J. In England, a ship owner is liable for necessary repairs done to a ship by the master's order, in a foreign port; and the word *necessary* means such as are fit and proper for the vessel upon her voyage, and such as a prudent man, himself the owner, if present, would order. Webster and al. v. Seekamp, 4 Barn. and Ald., 352.

In this respect the law of this country is the same. The master of a ship in a foreign port, has authority to procure all supplies and repairs necessary for the safety of the ship, and the due performance of the voyage. Ship Fortitude, 3 Mason, 228. In this case Judge Story says, "It is agreed on all sides, that the master is to be treated as the general agent of the owner and employer of the ship, as to procuring repairs and supplies for the ship in a foreign port, in the ab-

sence of the owner and employer. And it is equally agreed, that this power is not unlimited, but is restricted to such repairs and supplies as are in a just sense necessary for the ship, *under the actual circumstances of the voyage.*"

The master's agency, in ordering repairs, extends no farther than to cases of necessity in the sense spoken of. If the repairs are not such as a prudent owner would order, he being present, and having charge of the vessel in the condition in which she actually is found, the order of the master is not that of the owner, and the latter is not holden for the repairs made thereunder.

If the means of making the repairs are furnished to the master of the vessel, while in a foreign port, in a case which makes the repairs necessary, the law does not impose upon the party providing these means, the duty to see that they are applied to the object, at the risk of losing his claim against the owner. After they have passed from him into the hands of the master, they are no longer subject to his control; the master is the agent of the owner, and if he wrongfully omits to appropriate them in furtherance of the object for which they were delivered, the loss must fall upon the owner. The captain of a vessel, as the agent of the owner, has a general authority to act for him; and the latter ought to appoint a man upon whose compliance with his orders and upon whose prudence and discretion he can rely; and such he is held out by him to the world. Webster and al. v. Seekamp, before cited. Per Bagley, J.

In the case at bar, the vessel was lost, with all on board, soon after the articles in question were furnished by the plaintiffs, and delivered to the master. The plaintiffs being thus unable to produce full evidence of all the facts connected with the condition of the vessel, and her wants at the time of the supply, are obliged to rely upon such meagre evidence as the defendant, from his belief of the actual state of the case, is willing to admit.

In the agreed statement it is admitted, that the articles furnished by the plaintiffs were such as were convenient,

necessary, and ordinarily used in vessels of the class of the one for which they were provided. But there is nothing from which the actual state of this vessel, and the necessity of the supplies, for the safety and due performance of. the voyage in contemplation, can be known or reasonably inferred. No statement is found in the case tending to show that this vessel was wanting in any of the articles, the value of which is the alleged cause of action in this suit. Without proof or admission that the supplies were necessary for the vessel, under the actual circumstances in which she was placed, the suit cannot be maintained.

*Plaintiffs nonsuit.*

GOODENOW, J., did not concur.