CHAPEL and Another *v.* WASHBURN.

If parties have a joint interest in the matter in suit, whether as plaintiffs or defendants, an admission made by one, is, in general, in the absence of fraud, evidence against all.

They stand, in this respect, in a relation to each other similar to that of existing partners.

The bill of exceptions in this case commenced thus: "Be it remembered, that on the trial of the above cause, the following was all the evidence given to the Court." *Held*, that the words are not sufficient under the 30th rule, and, hence, the Court cannot presume that the bill contains all the evidence.

APPEAL from the *Tippecanoe* Court of Common Pleas.

DAVISON, J.—*Washburn* brought this action against *Chapel* and *Wood*, upon a promissory note, which reads thus:

"$160. *Lafayette, June* 6, 1856. Thirty days after date, for value received, we promise to pay *Noah Washburn* 160 dollars, with interest from date. [Signed] *Thomas Chapel, Thomas Wood.*"

The defendants answered—1. By a general denial, &c.; 2. That there was no consideration for the note.

*Nov. Term, 1858.*

CHAPEL
*v.*
WASHBURN.

*Monday, December* 20.

Nov. Term,
1858.

CHAPEL
v.
WASHBURN.

Reply to the second paragraph, that there was a good and valid consideration, &c.

The issues thus made were submitted to the Court. Finding in favor of the plaintiff for 167 dollars. New trial refused, and judgment, &c.

The evidence shows that *Washburn* and *Chapel* had been engaged as partners in the omnibus business; that on the 5th of *June*, 1856, *Washburn*, as appears by an agreement between them, produced on the trial, sold his interest in the concern to *Chapel* for 1,100 dollars, of which 550 dollars was, in and by the agreement, receipted for as cash, and the residue was secured by note at twelve months, with one *Emdee* as surety.

*George McLaughlin*, who was a witness to the above agreement, was produced by the defendants, and testified as follows: They (*Washburn* and *Chapel*) were several days making the trade. When they did agree, *Chapel* could not raise the cash payment, 550 dollars. He did, however, raise and pay 350 dollars, put in a wagon, which witness thinks was valued at 90 dollars, and for the residue, the note sued on was given by the defendants, *Chapel* and *Wood*. The note was given to accommodate plaintiff, to enable him to raise the money on it, as he insisted that he must have the whole cash payment, and unless he got that, he would not trade. *Wood*, to expedite the matter, and accommodate the plaintiff, signed the note. The note in suit was considered a part of the cash payment. Witness understood that plaintiff, at the time of the trade, owed *Chapel* 210 dollars on the books of the firm, for moneys collected by him, over and above the amount collected and received by *Chapel*, which 210 dollars it was then agreed *Chapel* should take and receive out of a certain note belonging to the firm, and executed by said defendant, *Wood*, and one *Baker*, but not then due. *Wood* was present, and heard all that was said relative to the 210 dollars.

*Lewis*, a witness produced by the plaintiff, testified that, after the contract of sale, and some two months before the trial, he heard the defendant, *Wood*, say that he, *Wood*,

had paid *Chapel* the note executed to said firm by *Wood* and *Baker*. At the proper time, *Chapel* objected to this testimony, on the ground that it details statements made by *Wood* in his, *Chapel's*, absence; but the objection was overruled.

Two errors are assigned—1. The admission of *Lewis's* testimony; 2. The refusal to grant a new trial.

Mr. GREENLEAF says: "In the absence of fraud, if the parties have a joint interest in the matter in suit, whether as plaintiffs or defendants, an admission made by one, is, in general, evidence against all. They stand to each other, in this respect, in a relation similar to that of existing partners." 1 Greenl. Ev. § 174, and authorities there cited.

This exposition being correct, and we think it is, the ruling of the Court, in its admission of the testimony, must be sustained.

It is, however, contended that *Wood's* statement—he having signed the note as a mere surety—should not be allowed to prejudice *Chapel*, especially when made in his absence. We think otherwise. The admissions, being made by a party who has a joint interest in the matter of the suit, and is jointly liable upon the note sued on, are plainly within the rule to which we have referred. *Parker* v. *The State*, 8 Blackf. 292.

In reference to the second alleged error, the appellant contends that the finding of the Court is unsustained by the evidence; while on the other hand, it is insisted that the record contains no sufficient averment that it sets forth all the evidence. There is a bill of exceptions which professes to set out certain written and oral testimony given on the trial, and which commences thus: "Be it remembered that on the trial of the above cause, the following was all the evidence given to the Court." The appellees refer to rule 30 of this Court, and contend that under it, the statement in the bill of exceptions is not sufficient to show that the record contains all the evidence. That rule is as follows: "In every bill of exceptions purporting to set out the evidence upon motion for a new trial overruled, the words, 'This was all the evidence given in the cause,'

Nov. Term,
1858.

are to be regarded as technical and indispensable to repel the presumption of other evidence."

We are unanimously of opinion that the words, "the following was all the evidence given to the Court," do not meet the requirements of the rule.

Hence, we are not allowed to presume that all the evidence given in the cause, is contained in the bill of exceptions. Assuming, however, that the bill does contain all the evidence, we think—having examined it carefully—that the Court, in its finding, is not so clearly wrong as to authorize a reversal of the judgment. 6 Ind. R. 216.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*J. O'Brian*, for the appellants.

*R. C. Gregory*, *H. W. Chase*, and *J. H. Wilstach*, for the appellee.