## Kiger *v.* Franklin.

The Court of Common Pleas, under the law of *March* 5, 1859, has concur-
rent jurisdiction with the Circuit Court, in all civil cases, except those
enumerated, without regard to the amount involved.

If notes offered in evidence with a mortgage, in a proceeding for foreclosure,
correspond in dates, amounts, and names of parties, with those described
in the mortgage, it is, *prima facie*, sufficient to connect them with the
mortgage.

In proceedings to foreclose a mortgage, when part only of the notes are due,
it would seem that upon default, proof should be made of the non-divisi-
bility of the property, and reason shown why it is not divisible ; but if the
defendant appear, and the question of divisibilty is referred to a master,
who reports generally, or is tried in open court on general evidence, without
objection, the objection that the reason of the non-divisibility was not
shown, can not be first raised in this Court.

*Friday,*  APPEAL from the *Delaware* Common Pleas.
*November* 30.  Perkins, J.—Suit to foreclose a mortgage.  Judgment of
sale.

The mortgage debt was payable in installments, the last of

which was not due at the rendition of judgment, and the aggregate of which exceeded $1,000. The suit was commenced after the act of 1859 took effect.

It is urged that the Common Pleas Court had not jurisdiction of the suit. We think the Court had jurisdiction. It was conferred by the act of *March* 5, 1859. Acts 1859, p. 93.

By the organic act of 1852, the Common Pleas had concurrent jurisdiction with the Circuit Court, in certain actions where but $1,000 was involved. By the amendatory act of 1859, the Common Pleas has concurrent jurisdiction with the Circuit Court, in those actions, without regard to the amount involved. By the act of 1852, the Common Pleas had concurrent jurisdiction with justices of the peace, in actions where the amount involved was over $50, and less than $100. By the amendatory act, the Common Pleas has concurrent jurisdiction with justices, "in all cases except as otherwise expressly provided, and subject to the law in relation to the payment of costs;" which is, that where a party sues in the Circuit or Common Pleas Court, in a case that might have been instituted before a justice, and recovers less than $50, except, &c., he shall pay costs. 2 R. S., p. 126.

A prior judgment, for the same cause of action, was set up in the answer; but when given in evidence it did not appear to have been a judgment on the merits, and, hence, was no bar.

There was no direct evidence that the notes sued on with the mortgage, were those named in the mortgage. The dates, and amounts, and parties, corresponded; which was, *prima facie*, sufficient.

There was some evidence given that the mortgaged property was not divisible, but the reasons why were not shown.

It is claimed that a judgment for the sale of the whole was erroneous. Where judgment of foreclosure, in such a case, passes by default, it may be necessary, the proceeding being, in a measure, *ex parte*, that the record should show the fact as well as the reason of non-divisibility; but where the defendant appears, and the question of divisibility is referred to a master, who reports, generally, that the premises are not divisible, without specifying the reason why, and no exception

Nov. Term, is taken to the report, and judgment is suffered to pass, we
1860.     take it the objection can not be raised for the first time in
THE STATE, the Supreme Court. So, where the defendant appeared, and
v.       the cause was not referred to a master, but the question of
HUGHES.   divisibility was tried by the Court, and general evidence was
heard without objection, the defendant asking no questions
of the witnesses, and in no manner contesting the point
below, he will not be entitled to a reversal upon the objection
here.

*Per Curiam.*—The judgment is affirmed, with 5 per cent.
damages and costs.

> *C. E. Shipley* and *A. Kilgore*, for appellant.
> *W. Brotherton*, for appellee.