May Term,
1861.

HOLCROFT
v.
HALBERT.

HOLCROFT and Others *v.* HALBERT.

The Courts of Common Pleas have jurisdiction of actions where the sum demanded exceeds one thousand dollars.

In an action for money paid in discharge of a judgment, at the request of the judgment debtor, a transcript of the judgment need not be filed with the complaint, as the payment of the money, and not the judgment, is the foundation of the action.

In an action against several as owners of a steamboat, for supplies, the assessor's list, showing to whom the boat was assessed, together with proof that one or more of the persons charged as owners had given in the boat for taxation, is admissible upon the question of ownership.

The powers of masters of boats, engaged in the commerce of our western, inter-State, navigable rivers, are determined by the maritime law; our statute upon that subject not having enlarged their powers to contract as agents of owners.

A master of a boat has power to bind the owners for necessaries, and in matters incident to his particular business; and this business being known, his general powers as agent of the owners are matters of law, of which those dealing with him must take notice; and if they contract with him outside of those powers, no special authority being shown, they can not hold the owners liable on such contracts.

The master has no power, simply as such, to indorse or execute bills and notes binding the owners.

Where the plaintiff sues for the price of supplies by way of attachment against the boat, to enforce a special lien, he must prove that there was at least an apparent necessity for their procurement by the master; and no reason appears to the Court why the rule should not be the same in a suit against the owners personally, but this last point is not decided.

When it appears from the character of the items sued for, that they were not necessaries, the plaintiff must prove the authority of the master to purchase for the owners.

Wednesday,
June 5.

APPEAL from the *Crawford* Common Pleas.

PERKINS, J.—Suit by *Halbert* against *Holcroft*, the master, or captain, and *Peckinpaugh* and others, the alleged owners of a steamboat, on an account for money paid and goods, &c., furnished for the use of said boat, on the order of the master. A bill of particulars accompanied the complaint. The demand was for over $1,000; and one item of it was for money paid upon a judgment. Many of the items were for articles not apparently necessary, or even appropriate, to be used on the

steamboat. The listing of the boat by the assessor for taxation was given in evidence, upon the question of ownership of the boat, in connection with proof that the boat was given in for taxation by one or more of the persons sued as owners. The items of the account were admitted.

This is a sufficient statement of the facts. Several of the points raised will be disposed of in a very brief manner.

The Court of Common Pleas had jurisdiction. *Kiger* v. *Franklin*, 15 Ind. 102. The record of the judgment on which money had been paid was not the foundation of the action, so far as the item for money so paid was concerned; and hence it was not a necessary part of the complaint. The indebtedness raised by such payment was the cause of action, so far as related to it.

We think the assessor's list, under the circumstances, was properly admitted in evidence, as tending to prove ownership. See *Reed* v. *Thayer*, 9 Ind. 157, and *Moore* v. *Anderson*, 8 *id.* 18.

The important question to be considered is this: was it the duty of the plaintiff to show that the articles sued for as having been furnished to the captain, or master of the boat, upon the credit of the owners, in the absence of special authority, were necessary for the use of the boat?

The powers of masters of boats, engaged in the commerce of our western, inter-State, navigable rivers, are determined by maritime law. *Gregg* v. *Robbins*, 28 Missouri, 347; *Holcroft* v. *Wilkes*, at this term. Our statute has not enlarged their powers to contract as agents of owners; but is simply conformable to the general maritime law in this respect. 2 R. S., p. 183.

In *Pope* v. *Nickerson*, Mr. Justice *Story* says: "There is no reason to say, that a master of a ship has any more authority to bind the owners than any other agent has to bind his principal. The authority is deducible solely from the nature of his employment, and the express or implied incidents to the trade, or business, in which the ship is engaged." 3 Story's Rep. 65. A master of a vessel is not a universal agent for the transaction of all kinds of business for the owners; nor is he a special agent to do a particular act; but he is a

general agent for a particular, or special, business.  Story on Agency, §§ 35, 116.

As a wife, or child, may bind the husband, or parent, for necessaries, so may the master of a boat bind the owners. So, like a servant in the employment of his master, or like one of two, or more, co-partners in relation to the joint business, he has power to bind the owners of the ship in matters incident to his particular business.  And his business being known, his general powers as agent of the owners are matters of law, of which those dealing with him must take notice ; and if they contract with him outside of those powers, no special authority in him existing, they can not hold the owners liable on such contracts.  The master has no power, simply as such, to indorse, or to execute, bills and notes binding the owner.  *Holcroft* v. *Wilkes*, at this term ; 2 Philips on Ins. 547.

He may bind the owners for necessaries, in the way of supplies and repairs, even in a home port.  *The Gustania*, 1 Blatch. & How. Adml. Rep. 189; 1 Par. Mer. L., p. 381. *Provost* v. *Patchin*, 5 Seld. Rep. 235.  But where the plaintiff sues for the price of such supplies by way of attachment against the boat, to enforce a special lien, he must prove that there was at least an apparent necessity for their procurement by the master (*Pratt* v. *Reed*, 19 How. U. S. Rep. 359); though the plaintiff need not show that they were properly applied.  And we can not see why the rule should be different in a suit against the owners personally, as the question in both cases would seem to be the same, viz., one of power in the master, as agent, to contract the debt.  And it is expressly decided in *Whitten* v. *Tisdale*, 43 Maine Rep. 451, a case cited by counsel, that proof of necessity must be made in a suit against the owners personally.  We need not here decide the point for ourselves, because it is manifest from many of the items sued upon in this case, that they were not necessaries ; and in such a case, beyond doubt, the plaintiff must prove the authority of the master to purchase for the owners. There was no such proof in this case.  See *Pursley* v. *Morrison*, 7 Ind. 357; 3 Kent. Comm. 209, 220.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*R. Crawford* and *H. Crawford*, for the appellants.

*W. A. Porter*, for the appellee.