Nov. Term, 1861.

HOLCROFT v. HALBERT.

plaintiff or defendant should have such relief as the nature of the case requires." Van Santvoord's Pl., p. 546, et seq.

The suit in this case, though the demand upon which it is based is secured by mortgage, is really a suit to recover purchase money advanced upon a contract for the sale of real estate; and the plaintiff obviously can not recover, unless the vendee of the estate sold has placed himself in a position to rescind the contract. This, it seems to us, he has not done, because he still holds possession of the premises, under the contract of sale. Evidently, "a party can not retain the subject of the contract, and refuse to pay for it." Gaar v. Lockridge, 9 Ind. 96. Moreover, the vendee himself was in default, in failing to pay, or tender, an installment of the purchase money which fell due March 1, 1857, and prior to the time agreed on for making the deed. But the contract of sale still remains in force; has not been rescinded, nor has any attempt to rescind it been made. The result is, the plaintiff is not entitled to recover the purchase money advanced. There are other points of error made by the appellant, but the ground assumed in this opinion renders a notice of them unimportant.

Per Curiam.—The judgment is reversed, with costs Cause remanded, &c.

W. Wallace and Benjamin Harrison, for the appellants.

D. McDonald and J. Milner, for the appellee.

---

HOLCROFT and Others v. HALBERT and Another.

Monday, November 25.

APPEAL from the Crawford Common Pleas.

Per Curiam.—The judgment in this case is reversed, with costs, and the cause remanded for another trial, on the authority of Holcroft et al. v. Halbert et al., 16 Ind. 256.

R. & H. Crawford, for the appellants.

W. A. Porter, for the appellees.