Nov. Term, 1861.

HOLCROFT
v.
SHERLEY.

Perhaps the question turns upon this latter proposition; for if the relators were authorized to pay the successor of *Atkisson,* for the work which he failed to perform, then it would appear to follow that they could maintain the suit. We are of opinion that they were authorized to make such payment. It may be that it was discretionary with them whether they would do so or not. As to that we need not decide. They aver the payment. It was the duty of the officer who recorded the deeds, &c., to make the index thereof, without additional compensation, either from the individual or the county; if he failed in that duty, the board could, for the public interest and convenience, see that it was performed by another, and pay that other a reasonable compensation for the work. This, in our opinion, would give a right of action on the bond of the officer, who was thus derelict in duty, to the injury of the public. The demurrer should have been overruled.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*R. Crawford,* for the appellant.

*C. L. Dunham,* for the appellee.

---

HOLCROFT and Others *v.* SHERLEY and Others.

Monday,
November 25.

APPEAL from the *Crawford* Common Pleas.

*Per Curiam.*—The judgment in this case must be reversed, with costs, and the cause remanded for a new trial; and it is so done, on the authority of *Holcroft* v. *Halbert,* 16 Ind. 256.

*Henry Crawford,* for the appellants.

*W. A. Porter,* for the appellees.