Nov. Term, 1861.

BRIGHT
v.
MARKLE.

---

## BRIGHT *v.* MARKLE.

Suit by *A.*, an ex-county treasurer, against *B.*, to recover the amount of certain taxes assessed against him, and which *A.*, when county treasurer, had charged up to himself, and for which he had accounted. Answer: The general denial. On the trial, the plaintiff was permitted to prove by parol that the lands upon which the taxes had accrued were assessed to *B.*, without producing the assessment roll or tax duplicate, or showing any excuse for their non-production.

*Held*, that the testimony was erroneously admitted.

Saturday, December 7.

·APPEAL from the *Marion* Common Pleas.

PERKINS, J.—*Indiana* has the following statutory provision:

"Whenever any county treasurer or collector for any previous year, shall have charged himself with, and accounted for, any tax that shall not have been paid to him, such tax

Nov. Term,
1861.

shall be deemed and taken as due him personally, whether in or out of office, and may be by him collected in the same way as other taxes due and unpaid are collected." 1 R. S., § 105, p. 131.

*Jacob Markle* was treasurer of *Jasper* county, *Indiana,* and alleges that he charged himself with taxes due from *Bright* and *Dunn,* and settled with the auditor for them. He now sues *Bright* and *Dunn* in an ordinary civil action for the amount, as for money paid to their use.

In the Court below, *Dunn* made default; *Bright* answered by a general denial. This threw upon *Markle* the burden of making out his case.

To prove that the lands were assessed to *Bright* and *Dunn,* he did not offer the assessment roll, or tax duplicate, but, as the bill of exceptions shows, was permitted, over the objection of *Bright,* to prove the fact by parol, without showing any excuse for not producing the written evidence. That this was error there can be no doubt, and it was made the ground of a motion for a new trial. The assessment roll is not a written instrument; but it is in writing. See *Kinney* v. *Doe,* 8 Blackf. 350; *Smith* v. *The District Trustees, &c.,* 5 *id.* 40.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*C. L. Dunham* and *Gordon Tanner,* for the appellant.

*H. O'Neal,* for the appellee.