## JENKINSON *v.* EWING.

Suit for the purchase money of real estate. ·Answer: that the premises
were, at the time of the conveyance, incumbered by a lien for taxes,
which the defendant had been compelled to pay.

*Held*, that the answer was bad for not showing that the conveyance con-
tained a covenant against incumbrances.

The recovery of a general judgment upon the notes secured by a mortgage
is no bar to an action of foreclosure upon the mortgage.

The act of 1859 gives the Court of Common Pleas a jurisdiction unlim-
ited as to amounts.

APPEAL from the *Allen* Common Pleas.                    <span>*Saturday,*</span>
    WORDEN, J.—This was an action commenced in *September*, <span>*December* 14.</span>
1859, by *Ewing* against *Jenkinson*, to foreclose a mortgage,
for an amount exceeding one thousand dollars. The defend-
ant answered in four paragraphs; to the second and fourth
of which a demurrer was sustained. Trial by the Court of
the issues formed upon the other paragraphs; finding and
judgment for the plaintiff. The defendant appeals, and
relies upon three points for a reversal of the judgment, viz.,
the ruling upon the demurrer to the second and fourth par-
agraphs of the answer, and that the sum in controversy was
beyond the jurisdiction of the Court.

    The second paragraph was only pleaded in bar of the sum
of forty dollars, and alleges, in substance, that the consider-
ation of the notes, to secure which the mortgage was given,
was a sale and conveyance to the defendant of the mort-
gaged premises; that the premises, at the time of the

Nov. Term, 1861.

BURTCH
v.
THE STATE.

conveyance, were incumbered by a lien for taxes, to the amount of forty dollars, which the defendant has been compelled to pay, wherefore, &c.

This paragraph is defective for the following, if no other, reason: It does not appear that the defendant protected himself against incumbrances by any proper covenants, and for aught that appears he may have purchased subject to incumbrances, taking a mere quit claim conveyance.

The fourth paragraph sets up a former recovery of judgment, in the same Court, by the plaintiff against the defendant, upon the notes secured by the mortgage.

That the recovery of the judgment is no bar to an action to foreclose the mortgage, is settled by the case of *Hensicker* v. *Lamborn*, 13 Ind. 468. Moreover, the paragraph in question sets up a recovery for more than a thousand dollars, at a time when the Court had no jurisdiction to that amount; hence the judgment is a nullity.

The last point made, viz., that the Court had not jurisdiction of the amount here involved, has already been passed upon by this Court, *vide Kiger* v. *Franklin*, 15 Ind. 102, where it was held that the act of 1859 gives the Court of Common Pleas unlimited jurisdiction as to amount involved.

There is no error in the case; hence the judgment must be affirmed.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*M. Jenkinson*, for the appellant.