Clark v. Benefiel.

---

CLARK v. BENEFIEL.

In actions before justices of the peace, a complaint is sufficient in which enough is shown to bar another action for the same demand and to apprise the defendant of the nature of the claim.

A bill of exceptions concluding in these words: "This was all the testimony given in the case to the jury on either side," does not exclude the presumption that there was other evidence.

Where all the evidence given below is not properly before the Court, it must presume that the rulings of the Court in relation thereto were correct, and that the verdict of the jury was sustained by sufficient evidence.

APPEAL from the *Pulaski* Common Pleas.

DAVISON, J.—The appellee, who was the plaintiff, brought this action against *Clark*, before a justice of the peace. The cause of action before the justice is in this form:

ENOCH BENEFIEL,
    *v.*    } Complaint.
GEORGE W. CLARK.

"The said *Benefiel*, plaintiff, complains of *George W. Clark*,

Clark *v.* Benefiel.

defendant, for that, whereas, on the 10th day. of *September*, 1858, the defendant demanded and received from the plaintiff thirty-four bushels and forty-two pounds of wheat at 90 cents per bushel, and he asks judgment for 31 dollars and 23 cents.                           ENOCH BENEFIEL."

Before the justice the defendant recovered a judgment, from which the plaintiff appealed. In the Common Pleas the cause was submitted to a jury, who found for the plaintiff 10 dollars and 41 cents. The defendant moved for a new trial, and in arrest of judgment; but his motions were overruled, and final judgment rendered on the verdict, &c. The defendant appeals to this Court.

Under the motion in arrest no specific causes are assigned; but for a new trial, the following grounds are assumed: 1. The verdict is unsustained by the evidence. 2. The damages are excessive. 3. The Court erred in permitting improper testimony to go to the jury. 4. The Court erred in refusing certain instructions moved by the defendant. As these assignments embrace all the points under the motion for a new trial, relied on in the appellant's brief, they alone will be noticed. It is, however, insisted, that the cause of action is insufficient. We think otherwise. True, it is very informal; but "enough is shown to bar another action for the same demand, and apprise the defendant of the nature of the claim; and this being the case, the complaint filed before the justice must be held sufficient." 4 Blackf. 13; 5 *id.* 40; 4 Ind. 124; 11 *id.* 203.

There is a bill of exceptions, which, after setting forth certain oral and written testimony, concludes thus: "This was all the *testimony* given in the case to the jury on either side." The averment, thus made, does not meet the requirements of rule 30 of this Court; hence we are not allowed to presume that "all the evidence given in the cause is con-

tained in the record. 7 Ind. 194, 588; 10 Ind. 568; 11 Ind. 393; 16 Ind. 139, 231, 254, 267. The evidence, then, not being in the record, the 1st, 2d and 4th assigned causes for a new trial are not properly before us, because, in favor of the ruling of the Court, we must intend that the evidence sustained the verdict, that the jury in assessing the damages committed no error, and that the instructions refused were not pertinent to the evidence given on the trial. 4 Blackf. 396; 8 Ind. 312, 339; 12 Ind. 527; 16 Ind. 376. Nor is the 3d assigned cause at all available, for the reason that the record fails to show that any exception was taken in the Court below to the admission of testimony.

*Per Curiam.*—The judgment is affirmed, with five per cent. damages and costs.

*D. D. Dykeman* and *D. D. Pratt,* for the appellant.