———o———

### CROCKER ET AL. *v.* HOFFMAN.

JUSTICE'S COURT.—*Pleading.*—It is not necessary that a complaint filed before a justice of the peace should state the title of the cause, or specify the name of the court or county in which the action is brought. Section 49 of the code, 2 G. & H. 69, does not apply to justices' courts.

VERDICT.—*Correction of.*—*Form of.*—When a verdict is returned, it may be corrected in form by direction of the court, in the presence of the court, or the jury may retire for that purpose.

SAME.—*Form of in Replevin.*—A general verdict for the plaintiff in replevin is, in effect, a finding that the ownership and right of possession of the property is in him, where both these questions are in issue; but the verdict should find the amount of damages sustained by the detention of the property.

JURY.—*Separation of.*—It is within the discretionary power of the court to permit the jury to separate if they find a verdict during an adjournment, and to instruct them to return a sealed verdict on the reassembling of the court. In such case the jury should be admonished not to converse with, or suffer themselves to be addressed by, any other person on any subject of the trial; but when such permission was given to the jury by consent of the parties, and no objection was taken to the failure of the court to so

admonish them, the objection could not be taken after verdict, where there was nothing to show that any injury resulted thereby to the complaining party.

From the Wayne Circuit Court.

*L. D. Stubbs,* for appellants.

BUSKIRK, C. J.—This was an action of replevin, and originated before a justice of the peace, where the appellee had judgment, from which the appellants appealed to the circuit court.

In the circuit court, the cause was tried by a jury, and resulted in a verdict for the appellee. The court overruled motions for a *venire de novo* and for a new trial, and rendered judgment on the verdict.

The appellants have assigned for error the following:

1. That the complaint does not contain facts sufficient to constitute a cause of action.

2. That the court erred in overruling the motion for a *venire de novo.*

3. That the court erred in overruling the motion for a new trial.

The objection urged to the complaint is, that it does not state the title of the cause, or specify the name of the court or county in which the action is brought.

The complaint contains the names of the parties to the action, but it does not specify the court or county in which the action is brought. The objection is based upon the first subdivision of section 49 of the code, 2 G. & H. 69, which reads: "The first pleading on the part of the plaintiff is the complaint. The complaint shall contain, first, the title of the cause, specifying the name of the court and county, in which the action is brought, and the names of the parties to the action, plaintiff and defendant."

The above section applies to a complaint in the circuit court, and not to one in the court of a justice of the peace. In many instances, it is not necessary to file any complaint in a justice's court. Whenever the right of action in the plaintiff, and the liability of the defendant, may fairly be gathered from the written contract sued on, it will be a sufficient cause of action

without any other written instrument.   But when the cause
of action is not based upon a written instrument, there must
be a written statement of the cause of action.   The law, how-
ever, requires no formality in it.   The general rule is, that
any statement is sufficient, if it apprise the defendant of the
nature of the claim, and be such that a judgment in the suit
may be used as a bar to another action.   *Denby* v. *Hart*, 4
Blackf. 13; *Smith* v. *The District Trustees*, 5 Blackf. 40; *Mag-
gart* v. *Chester*, 4 Ind. 124; *Bright* v. *Markle*, 17 Ind. 308;
*Clark* v. *Benefiel*, 18 Ind. 405.

We think the complaint was sufficient for the justice's court,
and, if sufficient there, was good on appeal in the circuit court,
as the case was tried there on the original papers.

The same question is presented by the motions for a *venire de
novo* and a new trial.   The irregularity complained of is thus
stated in the bill of exceptions:   The court instructed the jury
about six o'clock P. M., when they retired in charge of a
sworn bailiff to consider of their verdict.   It was agreed by
the parties, at the request of the court, that if the jury should,
during the night and the adjournment of the court and the
absence of the judge of said court, arrive at a verdict,
they (the jury) might return and deliver to the clerk of said
court a sealed verdict, and then be allowed to separate; that
at about the hour of nine o'clock and forty-five minutes P. M.,
of said day, the jury returned to the clerk of said court, during
the adjournment and the absence of the said judge, a verdict
in the words following:

"We, the jury, find for the plaintiff.

"Foreman:   GEORGE W. DAVIS."

Which verdict was sealed up in a paper envelope, and the
jury thereupon, without any admonition whatever from the
court to not converse with, or suffer themselves to be addressed
by, any other person on any subject of the trial, did separate,
and did not come together again until the next morning, at
nine o'clock, when the jury were called into the jury-box, and
the sealed verdict was opened by the judge of the said court,

VOL. XLVIII.—14

in the presence of the jury, and read to and acknowledged by the jury to be their verdict, in open court; that thereupon the court instructed and directed the jury that· they might amend their verdict, and adopt the following form, so as to read: " We, the jury, find the property in controversy in the plaintiff, and his damages for the unlawful detention thereof at one cent ;" that the appellants at the time objected to said instruction and direction, which objection was overruled, and appellants then excepted ; that the jury retired to their room, and soon returned with a verdict in the words last set out, which was received by the court in said form as the verdict of the jury in said cause; to all which appellants objected and excepted.

It was within the discretion of the court to permit the jury to separate. Section 329 of the code, 2 G. & H. 202. But in this case the separation took place with the consent and by the agreement of the parties. , There was no error in this. *Bosley* v. *Farquar,* 2 Blackf. 61, and note 3 ; *Harter* v. *Seaman,* 3 Blackf. 27 ; *Sage* v. *Brown,* 34 Ind. 464; *Vater* v. *Lewis,* 36 Ind. 288 ; *Parmlee* v. *Sloan,* 37 Ind. 469 ; *Lucas* v. *Marine,* 40 Ind..289.

It is claimed that the court erred in the directions given about the form of the verdict. The question involved was the ownership of the property in question. A verdict for the plaintiff was, in effect, a finding that the plaintiff was the owner and entitled to the possession of the property ; but there should have been a finding as to the damages sustained by the detention of it.

The court said to the jury that they might amend the form of their verdict, and furnished them with a form. They retired, and soon afterward returned with the verdict in the form written by the court. There was no error in this. It is the duty of the court to see that verdicts are in proper form. The correction might have been made by the jury, in the presence of the court, without retiring. *M'Gregg* v. *The State,* 4 Blackf. 101 ; *Shaw* v. *Wood,* 8 Ind. 518 ; *Noble* v. *Epperly,* 6 Ind. 468 ; *Reed* v. *Thayer,* 9 Ind. 157 ; *Ruger* v.

Crocker *et al. v.* Hoffman.

*Bungan,* 10 Ind. 451 ; *Ruffing* v. *Tilton,* 12 Ind. 259 ; Bicknell Civ. Prac. 293 ; *Jones* v. *Vanzandt,* 2 McLean, 611.

It is also contended that the court erred in permitting the jury to separate, after they had agreed upon a verdict, sealed it up, and delivered it to the clerk, without an admonition from the court that it was their duty not to converse with, or suffer themselves to be addressed by, any other person on any subject of the trial.

Section 330 of the code, 2 G. & H. 203, is as follows : " If the jury are permitted to separate, either during the trial or after the cause is submitted to them, they must be admonished by the court that it is their duty not to converse with, or suffer themselves to be addressed by, any other person on any subject of the trial ; and during the trial, that it is their duty not to form or express among themselves an opinion thereon until the cause is finally submitted to them."

The appellants, having consented that the jury might, after they had agreed upon, signed, sealed up, and delivered their verdit to the clerk, separate until morning, without any admonition as mentioned in the above section, waived any objection thereto. Besides, it is not pretended that the jurors conversed among themselves, or that any other person addressed them during their separation, upon any subject of the trial. As the court has the discretion, without the consent of the parties, to permit the separation of the jury, and as the separation in the present case took place without any admonition, by the consent of appellants, and as it is not alleged that any injury resulted to the appellants, we think the court committed no error in overruling the motion for a new trial.

The judgment is affirmed, with costs.