## RUSH *v.* PEDIGO.

PRACTICE.—*Separation of Jury. Without Answering Interrogatories.— Venire de Novo.— New Trial.*—A jury to whom certain interrogatories had been submitted, to be answered in case they found a general verdict, was directed by the court, with the consent of the parties, that, if they agreed upon a verdict during the adjournment of court, they might seal it up and separate until the calling of court, whereupon the jury, having agreed upon a general verdict during adjournment, sealed it up and separated without answering the interrogatories. Upon the calling of court such verdict was returned by them into court, but, upon objection by a party to receiving said verdict, it was returned to the jury by the court, with instructions to retire and answer the interrogatories, to which such party objected and excepted. The jury, after consultation, returned into court the same general verdict, with answers to the interrogatories, which the court, over the objection and exception of such party, received and ordered to be filed, and discharged the jury.

*Held*, that the action of the court was proper, and that such separation of the jury was not ground for either a *venire de novo* or a new trial.

*Held*, also, that, upon the second consultation of the jury, the whole case was before them, but that it was not error in the court to refuse to so instruct them.

From the Lawrence Circuit Court.

*M. F. Dunn* and *F. Wilson*, for appellant.

*G. Putnam* and *G. W. Friedley*, for appellee.

PERKINS, J.—Suit by Rush, against Pedigo, to recover damages for injury to the property of the former, occasioned by an alleged nuisance created by the latter, and to abate the same.

The alleged nuisance was created, it is averred in the complaint, by the raising of a mill-dam across Indian Creek, in Lawrence county, Indiana.

Issues of fact were formed, which were tried by a jury, and a verdict returned for the defendant.

Judgment, over a motion for a new trial, on the verdict.

Appeal to this court by the plaintiff, in which he assigns errors as follows:

1. The court erred in refusing plaintiff's motion for a *venire de novo*;

2. The court erred in overruling the plaintiff's motion for a new trial.

We copy a bill of exceptions:

" Be it remembered, that, after the evidence was given and the argument of counsel completed, the court charged the jury in writing, and submitted to them certain interrogatories in writing, and instructed them, in case they found a general verdict, they must then answer said interrogatories, being as follows:

" ' 1. What was the height of the dam at the beginning of this suit?

" ' 2. What was the height of the dam as put in by Ralph Lowder?

" ' 3. When was the original dam put in?

" ' 4. For what period has the dam in dispute flowed the water back over plaintiff's land ?

" ' 5. If plaintiff's ford across the stream has been deepened, was its depth increased by the dam, or was it produced directly by a freshet ?

" ' 6. Was the dam, as originally maintained by Ralph Lowder, changed, and how and when ?'

" Said jury then retired in charge of a room bailiff; and at the hour of adjournment of the court, said jury not having agreed upon a verdict, it was then agreed in open court, that, in case said jury agreed upon a verdict before the meeting of the court the next morning, they might seal the same up and separate and bring said verdict into court in the morning ; that, at some hour in the night, and when the court was not in session, said jury agreed upon a general verdict, and, sealing the same up, was permitted to separate, and went each to his lodging place ; that the next morning, when the court met, said jury being still separated, it was by order of the court called, and each juror answered and took his seat in the jury-box ; and, being asked by the court if they had agreed upon a verdict, responded in the affirmative, and one of their number, viz., C. A. Trueblood, acting as foreman thereof, produced and handed to the clerk a sealed envelope, which, being opened by the clerk, was found to contain the following : 'We, the jury, find for the defendant. C. A. Trueblood, foreman.' Which was then and there read aloud by said clerk ; that there was no other paper in said envelope ; that, on being then and there asked by the court if they had answered the interrogatories submitted to them, the jury answered, they had not; whereupon said plaintiff objected to the court receiving said verdict, and the court directed the clerk to hand back said verdict to the jury, and directed the jury to retire to their room and answer said interrogatories, to which action of the court in send-

ing said jury out again for that purpose the plaintiff at the time objected, because said jury had separated; but the court overruled the objection, and the plaintiff at the time excepted.

" The plaintiff then objected to sending said jury out to answer said interrogatories only, but asked that if said jury was allowed to retire, they should be allowed to take the whole case into consideration, and consider again their general verdict, as well as the answers to said interrogatories; but the court overruled said plaintiff's objections, and refused to say to said jury to consider again the general verdict, as well as the answers to said interrogatories, or to say to said jury any thing on the subject, except to return to them said general verdict, with said interrogatories, and say to them the said special interrogatories would have to be answered by them; to which ruling of the court the defendant at the time excepted.

" Said jury then retired, and afterward returned into court, and, being asked if they had agreed upon a verdict, they, by their foreman, delivered to the clerk the same general verdict they had before returned, with answers to said interrogatories, as follows:

" To the first interrogatory the answer was ' Six feet seven inches;'

" To the second, ' Six feet seven inches;'

" To the third, ' In 1836;'

" To the fourth, ' Since plaintiff owned the land;'

" To the fifth, ' By a freshet;' and,

" To the sixth, ' It was not.'

" And said plaintiff, before said verdict and answers were read, objected to receiving the same, for the reason that said jury had the evening previous, as shown, and before answering said special interrogatories, but after making said general verdict, separated before they returned said verdict the first time, but the court overruled said objection, and the plaintiff at the time excepted.

." Said verdict and answers to interrogatories, and the interrogatories, were then read and filed."

A motion for a *venire de novo* was overruled, and exception reserved.

A motion for a new trial was then made, and overruled.

The grounds of the motion for a new trial were:

1. Verdict contrary to law, and unsustained by evidence;

2. Misconduct of the jury who tried the cause, in this, to wit:

." That, after said jury had been charged, and retired to their room to consider of their verdict, they separated and went each to his lodging place, and remained so separated till court met next morning; and the court then, over plaintiff's objection, sent said jury out to consider of their answers to interrogatories; and afterward, over plaintiff's objection, received the verdict and answers to interrogatories, said jury having separated without the knowledge or consent of plaintiff."

This second cause was verified.

3. Error in instructions to the jury.

The evidence is in the record by a bill of exceptions other than the one above copied.

No case was made for a *venire de novo*.

The jury empanelled to try the cause were not discharged till they had rendered a complete verdict, and fully answered the interrogatories propounded. It was lawful for the court to send them back to their room to perfect their work, and fully discharge the duty they were empanelled to perform. *Bradley* v. *Bradley*, 45 Ind. 67; *Reeves* v. *Plough*, 41 Ind. 204.

This case differs in its facts from *Trout* v. *West*, 29 Ind. 51. In that case, the jury were to return their verdict to the clerk, and separate finally. The clerk, and not the jury,

was to deliver the verdict to the court in the morning. Here the jury were not to separate finally, on sealing their verdict, but to retain it and deliver it, as a jury, to the court, in the morning. See, also, *Sage* v. *Brown*, 34 Ind. 464; *Crocker* v. *Hoffman*, 48 Ind. 207.

We pass to the second assignment of error, viz., the overruling of the motion for a new trial.

There was no error in denying that motion. The grounds stated in the motion were insufficient. The verdict was not contrary to law, and was sustained by the evidence.

The instructions given were not excepted to.

The misconduct of the jury is not shown to have been such as to require the granting of a new trial. It was agreed by the parties that the jury might separate. The mere fact of their separation, therefore, can not be made a ground for a new trial. No instructions to the jury were required by the parties to be given. In *Crocker* v. *Hoffman*, 48 Ind. 207, it was said : " It was within the discretion of the court to permit the jury to separate. * * But in this case the separation took place with the consent and by the agreement of the parties. There was no error in this."

The statute requires an admonition to the jury on being permitted to separate after the cause is submitted to them. Section 330 of the code of practice.

But quoting again from *Crocker* v. *Hoffman, supra :* " The appellants, having consented that the jury might, after they had agreed upon, signed, sealed up, and delivered their verdict to the clerk, separate until morning without any admonition as mentioned in the above section, waived any objection thereto. Besides, it is not pretended that the jurors conversed among themselves, or that any other person addressed them during their separation, upon any subject of the trial. As the court has the discretion, without the consent of the parties, to permit the separation of the jury, and as the separation in the present case took place without any

admonition, by the consent of appellants, and as it is not alleged that any injury resulted to the appellants, we think the court committed no error in overruling the motion for a new trial."

In this case the jury separated after they had found their verdict, but before they had answered the interrogatories.

The agreement of the parties, as stated in the bill of exceptions, was, that they might separate after they had agreed upon their verdict. They conformed in action to the letter of the agreement. Doubtless, the parties intended verdict and interrogatories, but they did not say so. We mention this fact as tending to show that the jury were misled by the failure of the parties to have the agreement fully stated, and that the act of the jury was not intentionally wrong. Indeed, the fact clearly appears, that the jury intended to act honestly and correctly in the premises; and there is no charge that they did not, or that the appellant was in any way injured by the irregularities complained of.

When the court returned to them their general verdict, and sent them back to their room to deliberate, the jury took with them, necessarily, the power and right to change their general verdict.

There was no material error on the part of the court, in refusing to say more than it did say to the jury, on returning them to their room.

Judgment affirmed, with costs.