Hogue *et al. v.* McClintock.

NO. 7790.

## HOGUE ET AL. *v.* McCLINTOCK.

SUPREME COURT.—*Practice.*—*Filing Brief.*—In computing the sixty days' time allowed for filing a brief, when the sixtieth day falls on Sunday, it will be excluded under sec. 787 of the code.

LANDLORD AND TENANT.—*Rent.*—*Joint Conversion.*—*Evidence.*—Where a tenant, under a contract that the crops raised on leased land should belong to his landlord until the rent agreed on was paid, and where other persons, after notice that the rent was unpaid, and that the landlord claimed, under the contract, certain wheat raised on the leased land, assisted the tenant in hauling the wheat to market and selling it, with the common purpose of getting it out of the reach of the landlord, upon the trial of an action against them for the value thereof, evidence, from which it might be reasonably inferred that they received some part of the proceeds of the sale thereof, is sufficient to sustain a finding against them for a joint conversion of the property.

SAME.—The landlord had the right to prove the terms of his contract with the tenant, whether such parties were present or absent.

SAME.—*Declarations.*—The declarations of one of the parties, made while in the execution of the common purpose, were admissible against all the parties, although made in the absence of some of them.

From the Shelby Circuit Court.

*J. B. McFadden, B. F. Love* and *É. S. Stilwell,* for appellants.

*E. P. Ferris* and *W. W. Spencer,* for appellee.

NEWCOMB, C.—This appeal was filed in the names of Samuel Hogue, Thomas Hogue and George Bone, as appellants, against whom the appellee recovered a joint judgment in the court below. At the date of the filing of the record, Samuel Hogue filed, in writing, his refusal to join in the appeal, and moved that his name be stricken from the record as an appellant, which is done. The cause was submitted November 26th, 1879, but the brief of the appellants was not filed until January 26th, 1880, sixty-one days after the submission. The appellee has moved to dismiss the appeal, because the brief was not filed within sixty days after the submission, as required by rule 14 of this court.

On consulting the calendar, we find that January 25th, 1880, was Sunday. Section 787 of the code of practice

provides that "The time within which an act is to be done, as herein provided, shall be computed by excluding the first day and including the last. If the last day be Sunday, it shall be excluded." Rule 14 should be governed by the statutory method of the computation of time. In that case, January 26th was the sixtieth day, and the brief was filed in time. The motion to dismiss is overruled. This brings us to a consideration of the appeal on its merits.

The action was against the appellants, Samuel Hogue and nine other persons, to recover the value of certain wheat, which the complaint alleged to have been the property of the plaintiff, and which had been wrongfully and unlawfully carried away and appropriated by the defendants. Separate answers in denial of the complaint were filed by the several defendants, and the cause was submitted to the court for trial. There was a finding for the plaintiff as against the appellants and Samuel Hogue, and in favor of the other defendants. The defendants, against whom the court found, moved separately for a new trial. Their motion was overruled, and judgment was rendered on the finding.

The errors severally assigned by the appellants are:

That the circuit court erred in overruling their respective motions for a new trial.

The ninth cause for which a new trial was asked was for "error in the assessment of the amount of recovery, that the same is too large."

"10th. That the decision of the court herein is not sustained by sufficient evidence;

"11th. That the decision of the court herein is contrary to law."

It appears from the evidence, as set out in the bill of exceptions, that the plaintiff had rented to Samuel Hogue ninety acres of land for one year, at a rental of $500, for which amount the latter executed his note, and that, at the time the land was so rented, it was agreed between lessor

and lessee that the crops raised on the premises should be the property of the lessor, until the rent agreed upon was paid. While the wheat so raised was being threshed, the plaintiff appeared upon the ground and asserted his claim to it under said contract, and gave notice that the rent was unpaid. Thomas Hogue and George Bone both had notice then, and afterward, before the alleged conversion.

The appellants do not call in question or present any argument against the validity of said contract between the plaintiff and Samuel Hogue, but they earnestly contend that there was no evidence of a joint conversion of the wheat, or any part thereof, by the defendants, and that, if the proof justified a finding that the appellants separately assisted Samuel Hogue in removing a part of it, the damages against each of them should have been limited to the value of such portion.

We have, as requested in the brief of appellants, carefully read the evidence, and we think it was sufficient to justify the court in finding that there was a common purpose on the part of Samuel Hogue and the appellants to hurry the wheat into market, and so remove it from the plaintiff's reach; and that each of them actively participated in the execution of such wrongful purpose, although their immediate movements were confined to separate parcels of the property. The result was that the wheat was expeditiously removed and sold. The proceeds were mostly received by Samuel Hogue, but there was evidence, from which the court might reasonably infer that a part of the money for which the wheat sold was received by the appellants. We can not say, therefore, that the finding was not sustained by sufficient evidence, nor that the damages awarded were excessive.

The first, third and sixth causes for a new trial were based on the admission by the court of evidence of the contract between the plaintiff and Samuel Hogue, that the crops were to belong to the plaintiff until the rent should be paid, on

the ground that the conversation of the parties was in the absence of the appellants.

It was undoubtedly competent for the plaintiff to prove the terms of his contract with Samuel Hogue, under which he claimed to own the wheat, whether such contract was made in the presence of the appellants or without their presence.

The second cause for a new trial was that the court permitted the plaintiff, over objection of appellants, to read in evidence a certain note for five hundred dollars, executed by Samuel Hogue to the plaintiff.

As this note is not copied into the bill of exceptions, no question is presented to us on this ruling.

The fourth cause assigned was that the court permitted the plaintiff to testify that Samuel Hogue sold the rakings of the wheat-field to the plaintiff's son for the sum of seven dollars and fifty cents or eight dollars.

This evidence was utterly immaterial and harmless, and could have had no influence on the result of the trial.

The fifth and eighth causes for a new trial were predicated on the declarations of Samuel Hogue, made on and between the time the plaintiff demanded the wheat, on Saturday, and the next Monday morning, when it was hauled away, as to where a part of the wheat had been put, and his admissions that the wheat belonged to the plaintiff until the rent money was paid.

The seventh cause was that the court permitted the witness Jeremiah McCalip to testify, over the objection of the appellants, that Samuel Hogue said to witness, after he had threshed the wheat, that "The old man" (referring to the plaintiff) "came pretty near being too fast for him, and, if he had not had help, the old man would have beat him in getting the crops."

The grounds of objection to said several statements and admissions of Samuel Hogue were, that they were made in the absence of the appellants, and therefore were inadmissi-

Hogue *et al. v.* McClintock.

ble against them. After the objections to the admission of these several declarations and admissions had been overruled, the appellants moved to strike them out, for the same reasons given against their admission as evidence. All the evidence so objected to, which consisted of declarations and admissions of Samuel Hogue, were unquestionably admissible against him; therefore, the objections of the appellants to their admission at all in the case, and their motions to strike the evidence of them from the record, were too broad, and for that reason, if for no other, the objections and motions were properly overruled. *Bruker* v. *Kelsey*, 72 Ind. 51.

We have said that, in our opinion, the evidence justified the court in finding that a common purpose existed between the appellants and Samuel Hogue to deprive the plaintiff of his property. In such case the declarations of one of the parties, made while the common purpose is in process of execution, are admissible against all the participants, although made in the absence of some of them. *Smith* v. *Freeman*, 71 Ind. 85; *Tedrowe* v. *Esher*, 56 Ind. 443; *The Boone County Bank* v. *Wallas*, 18 Ind. 82; *Caldwell* v. *Williams*, 1 Ind. 405; *Chapel* v. *Washburn*, 11 Ind. 393.

As was said in *Huckstep* v. *O'Hair*, 8 Ind. 253: "Whether such combination had been shown was peculiarly a matter to be judged by the circuit court; and it would require a very strong case to induce this court to disturb the judgment of the circuit court in a matter depending upon weight or effect of evidence." It is proper to remark here that the appellants duly excepted to the rulings of which they complain.

We find no error in the record, and the judgment below should be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment below be, and it is hereby, in all things affirmed, at the costs of appellants, Thomas Hogue and George Bone.

Petition for a rehearing overruled.