WOOD v. COMMONS.

The setting aside of a special plea cannot be complained of when another remains under which the defense set up in the former plea could be proved in bar of the action.

A judgment will not be reversed because an erroneous instruction was given to the jury, if it could have done the party complaining no injury.

*Thursday,
June 3.*

APPEAL from the *Union* Circuit Court.

PERKINS, J.—Case for slander. The declaration alleged that the defendant had said of the plaintiff that " he stole wheat;" and that " he stole grain." Pleas, the general issue and justification. Issues of fact; trial by jury; verdict and judgment for the plaintiff for 150 dollars. The suit was commenced in *March*, 1850.

The ninth plea, being a plea of justification, was, " that heretofore, to-wit, on the 1st day of *October*, 1849, at, &c., said plaintiff did steal, &c., two bushels of wheat, the property of one *John Cromwell*, of the value," &c.

The tenth was, that, heretofore, to-wit, on the 1st day of *July*, 1849, said plaintiff did steal, &c., two bushels of wheat, the property of one *John Cromwell*, of the value, &c.

The Court set aside said tenth plea. This is assigned for error. It does not appear that the defendant below was injured by the act complained of. He could have proved a larceny of wheat on the 1st of *July*, 1849, under the ninth plea, if at all; and that would have made out the defense set up in both of said pleas, viz., the stealing of wheat by the plaintiff below from *John Cromwell*.

The Court gave this instruction to the jury, viz.:

" The charge in the declaration is, that the defendant charged that the plaintiff stole wheat; and the defendant must prove that the plaintiff feloniously stole wheat as alleged in some one of his pleas. Proof that he stole flour or any other article would not be sufficient to justify the charges in the declaration."

This instruction is complained of, and it did not accurately present to the jury the facts alleged in the plead-

ings. The declaration averred that the defendant had charged the plaintiff with stealing wheat, and with stealing grain. And among the pleas of justification were some alleging that the plaintiff did steal rye and corn; and they were good pleas of justification to the charge in the declaration of stealing grain; for rye and corn are grain, and issues were formed on these pleas. But still the defendant below was not prejudiced by the instruction, because, as applied to the evidence in the cause, it was correct. For though the plaintiff below had sued the defendant for making two charges against him, yet he proved but one, viz., that of stealing wheat. And though the defendant pleaded in justification that said plaintiff had stolen wheat and other grain, thus justifying the whole declaration, yet his evidence on the trial tended to sustain only the plea justifying the charge of stealing wheat, thus reducing the controversy in the case before the jury to a charge and justification thereof of stealing wheat alone. The instruction, therefore, considered in connection with the evidence, was right enough.

We may remark that, though wheat is embraced by the general term grain, yet as the charge as to this was of a particular kind of grain, the justification, in plea and proof, was necessarily as particular. In relation to the charge of stealing grain, a justification would be made out by showing a larceny of any kind of grain.

*Per Curiam.*—The judgment is affirmed with 1 *per cent.* damages and costs.

*J. S. Newman* and *J. S. Reid*, for the appellant.

*S. W. Parker* and *J. Yaryan*, for the appellee.