May Term,
1859.

NEWTON and Others *v.* NEWTON.

Under the R. S. of 1852, a complaint to foreclose a mortgage need not aver that no proceedings had been instituted at law. Such proceedings, if any were had, should be set up in defense.

If the evidence be not in the record, instructions given will be regarded as pertinent to the case made, unless clearly erroneous under any supposable state of facts; and instructions refused will, in that state of the record, be presumed to have been irrelevant.

A request on behalf of either party to have general instructions reduced to writing, should be made in time to enable the Court conveniently to perform that duty. It is too late, when the Court is proceeding to give an oral charge.

APPEAL from the *Lagrange* Court of Common Pleas. *Thursday, June 16.*

DAVISON, J.—*Anna Newton* brought this action against *Luther Newton* and others, the heirs at law of *Datus Newton*, deceased. The object of the suit was to foreclose a mortgage on certain real estate, executed to her by the decedent in his lifetime, viz., on the 14th of *February*, 1846, to secure her in the payment of a sum of money, and the delivery of certain property, as appears in the condition of a bond, in the penalty of 500 dollars, a copy of which, as also a copy of said mortgage, is filed with the complaint. The complaint avers the non-payment of the money, and the non-delivery of the property, demands 500 dollars, and prays a foreclosure and sale of the mortgaged premises, &c.

Defendants demurred to the complaint, on the ground that it does not show what proceedings, if any, had been instituted at law to recover the demand in suit; but their demurrer was overruled, and they excepted.

As the law stood prior to the revision of 1852, the complaint, upon the ground assumed by the demurrer, would have been objectionable. R. S. 1843, p. 461, § 37. But under the revision now in force, we have decided that an averment that no proceedings had been instituted at law, was not essential to the validity of a complaint to foreclose a mortgage; that such proceedings, if any were had,

should be set up by way of defense. *Deam* v. *Morrison*, 10 Ind. R. 367.

The demurrer being overruled, the defendants answered—

1. By a general traverse.

2. That before the commencement of the suit, they fully paid and satisfied the whole amount claimed, in money and property.

Reply in denial of the second paragraph. Verdict for the plaintiff. And the Court, having refused a new trial, rendered judgment, &c.

The record shows that, at the proper time, various instructions moved by the defendants were refused by the Court; and that the Court, of its own motion, instructed the jury; but it fails to set out the evidence. And the settled rule is, if the evidence be not in the record, instructions given will be regarded as pertinent to the case made, unless clearly erroneous under any supposable state of facts; and instructions refused will, in that state of the record, be presumed to have been irrelevant. 8 Ind. R. 502. Under this rule, we must, in this instance, presume, in favor of the ruling of the Court, that the instructions moved by the defendants were not pertinent to the evidence; and having carefully examined those given, we can readily perceive a state of facts, pertinent to the issues, in which they would not have been erroneous. The evidence not being in the record, there is, in this case, nothing properly before us relative to the instructions.

In a bill of exceptions, it appears that while the cause was on trial, after the counsel had closed the argument, and when the Court was about to charge the jury, the defendants moved the Court to give no charge except it be in writing; but the Court, over his motion, gave to the jury an oral charge upon the questions of law in the case. The code says: "When the argument of the cause is concluded, the Court shall give general instructions to the jury, which shall be in writing, and be numbered and signed by the judge, if required by either party." 2 R. S. p. 110, § 324. We have a similar provision relative to the practice in criminal cases (*id.* 376, § 113), under which we

have held that a request to reduce general instructions to writing should be made in time to enable the Court conveniently to perform the required duty; that it was too late, when the Court was proceeding to give an oral charge, to make such a request. *McJunkins* v. *The State*, 10 Ind. R. 140. This decision seems to be in point; and the result is, that the statute must be so construed as to require the party who desires a written charge, to notify the Court, in a reasonable time before it may be called on to charge the jury, of his desire that such charge be in writing.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*A. Ellison*, for the appellants.