## Boggs *v.* Clifton.

After the Court has commenced to instruct a jury orally, it is too late for a party to require the instructions to be given in writing.

Where the evidence is not in the record, the Supreme Court will presume in favor of the instructions of the Court below, if in a supposable state of facts, they would be correct.

APPEAL from the *Warren* Circuit Court.

Davison, J.—*Clifton* was the plaintiff below, and *Boggs* the defendant. The complaint contains two counts. The first charges, substantially, that the defendant had built a mill-dam across *K'chapoo* creek, and constructed a mill-race, which caused the plaintiff's lands, (describing them,) to be overflowed, whereby he was damaged, &c. And the second alleges, in effect, that the defendant neglected to erect head gates, and failed to keep the embankments along the mill-race, and along the banks of the creek, in the immediate vicinity of his mill-dam, in sufficient repair; and that by reason of such neglect, the land was overflowed and damaged, &c.

Defendant answered: 1. By a general denial. 2. That one *Enoch Farmer* had been the owner of all the lands now owned by the plaintiff and defendant; and that while he was such owner, and more than twenty years before the

Nov. Term, commencement of this suit, he built the dam and constructed
1861.   the race of which the plaintiff complains; that about three
BOGGS   years since, the defendant bought the mill-dam and race of
v.   said *Farmer*, and now holds under him, and that they were
CLIFTON.  then on the same land that they now are. It is expressly
averred, that the dam and race were built and constructed
more than twenty years next before the bringing of this suit;
and during all that space of time, have been and have con-
tinued in the same condition, as when so built and con-
structed, &c.

Reply, in denial of the second paragraph of the answer.
Verdict for the plaintiff. Motion for a new trial denied, and
judgment, &c.

In the record, there is a bill of exceptions which says,
that after the Court had commenced its charge, and before
the jury had retired to consult of their verdict, the defend-
ant requested the Court to give no other instruction, unless
in writing; but the Court, over that request, instructed the
jury verbally, as follows: "It has been contended, that un-
less the plaintiff has proved that the defendant built the
dam, and dug the race, as alleged in the complaint, the jury
must find for the defendant. But that is not the opinion of
the Court. The true issue is, whether the defendant has
kept up the race in as good repair as it has been kept in for
the last twenty years."

This instruction is said to be erroneous, on two grounds:
1. It was verbally given, though the Court was requested to
reduce it to writing. 2. It misdirected the jury, as to the
issues made by the pleadings. The Code says: "When the
argument of the cause is concluded, the Court shall give
general instructions to the jury, which shall be in writing, and
be numbered, and signed by the judge, if required by either
party." 2 R. S., § 320, p. 110. We have recently decided
that this section "should be so construed, as to require the
party who desires a written charge, to notify the Court a
reasonable time before it may be called to instruct the jury,
of his desire that such charge be in writing." *Nixon* v.
*Newton*, 12 Ind. 527. In this case, the request to reduce to
writing was not made until after the Court had commenced its

"general instructions to the jury." And the result is, the instruction was not objectionable on the ground that it was verbally given.

The second ground of objection is also untenable. Whether "the defendant had kept the mill-race in repair," &c., was one of the issues made by the pleadings; and the evidence not being in the record, we are allowed to presume that it was applicable, alone, to that issue, which thereby became "the true issue" before the jury. The instruction, as we construe it, does not assume that that was the only issue in the cause; but one involving an inquiry upon which the evidence was conflicting. For aught that appears, the other issues may have been conceded in favor of the plaintiff. *Wood* v. *Commons*, 3 Ind. 418.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*R. A. Chandler*, for the appellant.
*Gregory* and *Harper*, for the appellee.