*L. M. Ninde* and *R. S. Taylor*, for appellants.

---------o---------

LIST and Others *v.* KORTEPETER.

PRACTICE.—BURDEN OF THE ISSUE.—When the burden of the issue is upon the defendant he is entitled to open and close the argument..

SAME.—The plaintiff can not obtain any advantage by inserting in his complaint averments which are not necessary to make out his cause of action, but are intended to anticipate the defense.

INSTRUCTIONS.—When the evidence is not in the record the Supreme Court will presume that the instructions given by the court below were correct, if in any possible state of the evidence they would have been correct.

APPEAL from the *Johnson* Circuit Court.

FRAZER, J.—This was a suit by the payees against *Kortepeter*, the maker, and one *Croas*, the acceptor, of a bill of exchange. It was averred in the complaint that the plaintiffs indorsed the bill before maturity, "by procurement of the defendants;" that the holder presented it at maturity at, &c., when payment was refused and the bill duly protested and notice given; that the defendants having failed to pay, the plaintiffs were compelled to do so. The answer of *Kortepeter* was: 1. That the bill was made by him without consideration. 2. That the bill was made by him and indorsed by the appellants for the accommodation of *Croas*, with the mutual agreement that as between themselves they were to be co-sureties of *Croas*, and that the defendant

had fully paid his equal part thereof. The reply was a general denial, and a special paragraph amounting to a denial.

The court below allowed the defendant to open and close the argument. This was correct. He had the burden of the issues, his answer being altogether in confession and avoidance. The averment in the complaint that the plaintiffs indorsed the bill "by procurement of the defendants," was neither necessary nor proper in the complaint—it was no part of the plaintiffs' original case, and required no proof. If that naked fact was of any legal force at all, it could only become important because of proof offered by the defense, and we know of no rule of practice or pleading by which a plaintiff can gain any advantage by putting needless averments in his complaint, or by therein anticipating the defense which he may apprehend will be made. Steph. Pl., p. 242.

The court instructed the jury that, in determining the issue formed by a denial of the defense of want of consideration, the circumstance that the defendant had requested or urged some of the plaintiffs to indorse the bill should not be regarded. The appellant complains of the instruction. The evidence is not in the record, and without it we can not say that the instruction was erroneous. If under any possible state of the evidence the instruction would have been proper, we must presume it to have been correctly given. Assume it to have been admitted on the trial that the bill was made without any consideration whatever, and that afterwards the defendant requested and urged the plaintiffs to raise money for their own benefit by putting the bill in circulation, can it be doubted that, in that state of the case, the instruction ought to have been given? See *Legget* v. *Harding*, 10 Ind. 414; *Coyner* v. *Lynde*, *id.* 282; *Wood* v. *Commons*, 3 Ind. 418; *Cory* v. *Silcox*, 6 Ind. 39.

Other instructions are also questioned, but what has been already said sufficiently shows why the case can not be

reversed because of them. There may have been such evidence as would have justified them.

The appellant complains also that a demurrer was overruled to the answer of want of consideration. We can not suppose that it is necessary to discuss this question. It seems plain enough that the demurrer was correctly overruled.

The judgment is affirmed, with costs.

*R. L. Walpole*, for appellants.

*A. G. Porter*, *B. Harrison* and *W. P. Fishback*, for appellee.