BLACKLEDGE *v.* PINE.

BURDEN OF THE ISSUE.—In a suit before a justice of the peace upon a promissory note, the defendant pleaded affirmative defenses only, and at the beginning of his answer admitted the execution and delivery of the

note. On appeal, the issues remaining the same, the defendant orally admitted the execution of the note, and disclaimed all benefit of the general issue provided by the statute, and claimed to open and close the case.

*Held,* that the burden of the issue was upon the defendant, and that he was entitled to open and close the case.

APPEAL from the *Wells* Common Pleas.

ELLIOTT, J.—*Pine* sued *Blackledge* on a promissory note, before a justice of the peace, the note being filed as the only cause of action. *Blackledge* filed a written answer, commencing as follows: " Comes now the defendant herein, and says he admits the making, signing and delivery of the note sued on in this action." This is followed by several paragraphs, all in confession and avoidance. Among others is a paragraph that the note was given in consideration of a mare sold by the plaintiff to the defendant, which the plaintiff, upon the sale thereof, warranted to be sound in every particular, and averring that she was unsound and diseased at the time of the sale, and died of such disease soon afterwards, and was wholly worthless. The defendant recovered before the justice, and the plaintiff appealed to the Common Pleas Court, where he recovered a judgment for the amount of the note. Motion for a new trial having been overruled, the defendant appeals to this court.

It appears by a bill of exceptions, that immediately after the jury was sworn in the Court of Common Pleas, and before any evidence was given by either party, the defendant moved the court for leave to open and close the evidence and argument in the cause. And thereupon, in addition to the admission of the execution of the note contained in his answer, orally admitted its execution in open court, and disclaimed all benefit of the general issue provided by statute; but the court overruled the motion and refused to permit the defendant to open and close the evidence and argument of the case to the jury. This is the only question presented in the case.

Under the code, the party on whom rests the burden of the issues is entitled to the opening and close, both of the

evidence and the argument in the cause. 2 G. & H., § 324, p. 198.

Here, under the admission in the answer, it was not necessary that the plaintiff should give the note in evidence, and he would have been entitled to judgment for the amount thereof if no evidence had been given in the case. The burden of the issues was on the defendant, and he was entitled to open and close the case. *Judah* v. *The Trustees, &c.*, 23 Ind. 272; *List* v. *Kortepeter*, 26 Ind. 27.

The court erred in refusing to allow the defendant to begin the evidence, and to open and close the argument, and for that reason should have granted a new trial.

The judgment is reversed, with costs, and the cause remanded for a new trial.

*L. M. Ninde, R. S. Taylor* and    *Robertson*, for appellant.