THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COMPANY v. JOHN FRANKLIN.

1. IMPANNELING JURY; *Discharging Juror; No Error.* It is not substantial error for the district court to discharge a juror during the time the jury are being impanneled, although the juror may be discharged for an insufficient reason, where an unexceptionable jury is afterward obtained, and where the party complaining has not exhausted his peremptory challenges. (*Stout v. Hyatt*, 13 Kas. 232.)

2. WRITTEN INSTRUCTIONS, *When to be Asked for; No Error.* The statute of Kansas with reference to giving and refusing instructions in civil cases, and reducing the same to writing, is a copy of the statute of Indiana upon the same subject; and prior to the adoption of the statute in Kansas, the supreme court of Indiana construed their statute, holding that where a party desires that only written instructions shall be given to the jury, the party so desiring must make the request therefor within such reasonable time before the charge is to be given that the court may have sufficient time to prepare such written instructions, and that such reasonable time for making the request is generally at or before the close of the evidence, and that a request made only about five minutes before the conclusion of the argument is made too late. Therefore, following the rule that " Where one state adopts a law from another, the judicial construction given to the statute in the state where it originated follows it to the state of its adoption," (4 Kas. 364,) and following

the Indiana decisions, *held*, that where the request is made during the concluding argument, and not within time to permit the court to reduce all its instructions to writing before being called upon to charge the jury, the court does not err in giving to the jury orally such of its instructions as it did not have time to reduce to writing.

## *Error from Marion District Court.*

ACTION brought by *John Franklin* (a colored boy), a minor, by Wilson Franklin, his next friend, against the *A. T. & S. F. Railroad Co.*, to recover damages for personal injuries. It is alleged in the petition that, on or about the 27th day of February, 1877, the said plaintiff was on a train of cars belonging to said defendant, on its line of road in Marion county, riding on the top thereof, and while so being on the said train of cars, and while the same were rapidly in motion, said defendant, by its agents and servants, in a wanton, cruel and wrongful manner, wrongfully expelled said plaintiff from its said train of cars, by throwing him from the top thereof underneath the same, and thereby seriously wounded and injured the plaintiff, so that it became and was necessary to amputate his right arm, which was done. Plaintiff prayed judgment for $5,000 damages. The defendant answered by a general denial. The defense of the railroad company was, that as the train started east from Peabody, the engineer saw two boys get in between two cars, and he sent the fireman back to tell the conductor; but the fireman met the brakeman, and they gave the signal to the engineer to stop; that the train "slowed up," and the plaintiff below and a companion tramp then jumped off in safety; that the train started forward again, and soon afterward the plaintiff was seen lying on the track behind the train, having evidently attempted to board the cars again, and missed his footing and fallen beneath them. He was then picked up and taken to the depot, his wounds dressed by surgeons, and was cared for at the expense of the railroad company. Trial at the April Term, 1878, of the district court. The plaintiff rested his case on the testimony of himself and physicians, and the railroad company moved for judgment, demurring

to the evidence. The motion was overruled. The case was further tried, and the jury gave a verdict for plaintiff for $2,300. The railroad company brings the case here for review.

*Ross Burns, J. G. Waters,* and *W. C. Campbell,* for plaintiff in error:

The court erred in refusing to instruct in writing, after it had been requested so to do by defendant. This motion was made in writing, and filed during the argument. The court gave certain general instructions in writing, and then read from a California report and gave certain other instructions, as appears from the record, which reads: "That thereupon the court proceeded to orally instruct (and not in writing) the jury further on the law of the case, which oral instructions so given by the court were afterward reduced to writing and filed in said cause, and will be found on pages 61 to 63 herein. To the giving of said oral instructions, and each and every one of them, and each and every part thereof, the defendant then and there excepted." And the defendant, at the time of the filing of what purported to be the oral instructions reduced to writing, objected and excepted thereto, and to each and every act, order and proceeding of the court in relation thereto, and denied that the instructions so orally given by the judge are substantially embodied in or stated in the instructions so reduced to writing.

The statute of Indiana upon this subject is similar to ours, (2 R. S., p. 198, § 324,) and in that state it has been repeatedly held that the court, when properly asked, must reduce its instructions to writing, and then give them as written to the jury, without modification. (21 Ind. 291; 19 id. 33; 34 id. 399; 51 id. 285; 38 id. 197; 7 id. 187; 18 id. 291; 50 id. 319; 5 id. 375; 8 Blackf. 328.) The Iowa authorities are to the same effect. (15 Iowa, 235; 10 Iowa, 139; 2 Greene, 449.) And a rule of court which declares that unless such request shall be made at or before the commencemnt of the trial, it shall be deemed to have been waived, cannot be sus-

tained. (19 Wis. 259.) And this court has recently decided that this provision of the statute is mandatory, and the judge *must* instruct in writing when requested by either party. (*City of Atchison v. Jansen*, 21 Kas. 560.) In addition to the authorities cited, see the following: 31 Tex. 574; 1 Col. (Ter.) 18; id. 61; 45 Mo. 64; 60 Ill. 32; 11 Ill. 483; 19 Ill. 82.

The fact that the judge afterward reduces the verbal instructions to writing and files them, does not excuse him. (55 Ga. 213, 214; 7 Ind. 138.)

*Frank Doster*, for defendant in error:

We submit that, upon the authority of all the cases upon which the decision in the *City of Atchison v. Jansen*, 21 Kas. 560, was based, this request was not made in time, and that, as the question as to the time when the request should be made was not discussed by counsel, or passed upon by the court, in that case, the court is free to establish the just, proper and sensible rule of the courts hereinafter quoted, which is, that such request must be made in a reasonable time, before the court shall be called upon to give its instructions to the jury, to enable it to prepare them. We believe that all the cases relied upon by counsel will be found to support the above proposition, or be inapplicable to the question. (1 Ind. 385; 7 id. 187; 10 id. 143; 12 id. 527; 16 id. 276; 17 id. 33; 17 id. 218; 18 id. 291; 21 id. 259; 27 id. 400; 28 id. 364; 33 id. 284; 34 id. 399; 38 id. 197; 50 id. 320.)

Our statute (Laws 1872, ch. 162, p. 329) is, on the subject of instructions, a literal copy throughout of the Indiana statute (2 G. & H., p. 198, § 324), under which these decisions were made, and may fairly be said to have been enacted by our legislature, burdened by the construction placed upon it by the courts of that state. (See also 19 Wis. 245.)

*Pierson v. Baird*, 2 G. Greene, 235, and *Head v. Langworthy*, 15 Iowa, 235, are inapplicable, because the statute

provided that all instructions should be in writing, hence no request was necessary. See also 10 Iowa, 139.

The case of *Clark v. The State*, 31 Tex. 574, is inapplicable, because the statute (Paschal's Digest, § 3067; Oldham and White's Digest, p. 635, art. 594–599) made it imperative upon the court to instruct in writing, and expressly forbade oral charges.

The cases of *Dorsett v. Crew*, 1 Col. 18, and *Gile v. The People*, 1 Col. 61; *State v. Cooper*, 45 Mo. 64; *Bloomer v. Sherrill*, 11 Ill. 483; *Ray v. Wooters*, 19 Ill. 82, and *McEwen v. Morey*, 60 Ill. 32, are all inapplicable, because the statutes upon which they were decided, and which are referred to or quoted in the opinions, in plain terms require all instructions to be in writing, without request from either party, and in the Missouri and Illinois cases, positively forbade the courts from instructing orally.

It does not appear in the case of *Fry v. Shehee*, 55 Ga. 213, at what stage of the case the request to instruct was made. No doubt it was made at the proper time, else the court would have adopted the reasonable and just rule of the Indiana courts.

The opinion of the court was delivered by

VALENTINE, J.: The plaintiff in error, defendant below, raises five questions in this court.

As to the first, we would say: "It is not substantial error for the district court to discharge a juror during the time the jury are being impanneled, although the juror may be discharged for an insufficient reason, where an unexceptionable jury is afterward obtained, and where the party complaining has not exhausted his peremptory challenges." *Stout v. Hyatt*, 13 Kas. 232; *Atlas Mining Co. v. Johnston*, 23 Mich. 36; *Grand Rapids, &c., Co. v. Jarvis*, 30 Mich. 308; *People v. Ferris*, 1 Abb. Pr. (N. S.) 193.

It is unnecessary to discuss the second, third and fourth questions raised by counsel for plaintiff in error, for we can

hardly suppose that counsel expect that the judgment of the court below will be reversed because of any decision that may be given on these questions.

The fifth question is a difficult one, and except for certain decisions made by the supreme court of Indiana we should be inclined to decide the question in favor of the plaintiff in error. The facts upon which this question arises, are as follows: The case was tried before the court and a jury. At the close of the introduction of the evidence, the case was argued by counsel—first by the plaintiff's counsel, who made the opening argument; then by the defendant's counsel; and then by the plaintiff's counsel again, who made the closing argument. While the plaintiff's counsel were making their closing argument—but at what point of time therein the record does not show—the defendant requested the court in writing to charge the jury in writing. During the argument, the court reduced a portion of its charge to writing, which it gave at the conclusion of the argument.

"After the court had prepared this much of its instructions, the argument closed, and it announced that as the request to instruct in writing had not been asked a sufficient length of time prior to the close of the argument to allow them to be reduced to writing, and was not asked prior to argument as was the usual custom of the court, it would give the remainder of the instructions orally, and would afterward reduce them to writing; none of the parties at the time requesting the court to further delay the trial to give time to the court to reduce the instructions to writing, and while it was the custom of the court it was not a rule of the court to so require such written request to be made prior to the argument. To the giving of said written general instructions by the court, and to each and every one of them, and to each and every part and clause thereof, the defendant then and there and at the time excepted.

"The foregoing were all the written general instructions given by the court to the jury on its own motion. That thereupon the court proceeded to orally instruct, and not in writing, the jury further on the law of the case; which oral instructions so given by the court were afterward reduced to writing, and filed in said cause. To the giving of said oral

instructions, and each and every one of them, and each and every part thereof, the defendant then and there excepted."

Both the written and oral instructions are incorporated in the record brought to this court. The statute of this state with reference to giving or refusing instructions by the district court in civil cases and reducing the same to writing, reads as follows:

"*Fifth*, When the evidence is concluded, and either party desires special instructions to be given to the jury, such instructions shall be reduced to writing, numbered and signed by the party, or his attorney asking the same, and delivered to the court.

"*Sixth*, When the argument of the case is concluded, the court shall give general instructions to the jury, which shall be in writing, and be numbered and signed by the judge, if required by either party.

"*Seventh*, When either party asks special instructions to be given to the jury, the court shall either give such instructions as requested, or positively refuse to do so; or give the instructions with a modification, in such manner that it shall distinctly appear what instructions were given, in whole or part, and in like manner those refused, so that either party may except to the instructions as asked for, or as modified, or to the modification. All instructions given by the court must be signed by the judge, and filed, together with those asked for by the parties, as a part of the record." (Civil Code, § 275; Comp. Laws 1879, pp. 637, 638.)

This statute was first adopted in 1868. (Gen. Stat. 1868, pp. 681, 682, § 275.) It contains all the law we have upon the subject. It is precisely like the statute of Indiana upon the same subject, and is not like the statute of any other state, so far as we are informed. Our statute was evidently taken from the statute of Indiana, and therefore any decision made by the supreme court of Indiana prior to 1868, construing its statute, is necessarily a controlling decision construing our own statute. (*Bemis v. Becker;* 1 Kas. 226, 248, 249; *Stebbins v. Guthrie,* 4 Kas. 353, 364, 365; *Drennan v. The People,* 10 Mich. 175–177.) "Where one state adopts a law from another, the judicial construction given to the

statute in the state where it originated follows it to the state of its adoption." (4 Kas. 364.)

The supreme court of Indiana, in construing its statute, has decided that where a party desires that only written instructions shall be given to the jury, the party so desiring must make the request therefor within such reasonable time before the charge is to be given that the court may have sufficient time to prepare such written instructions, and that such reasonable time for making the request is generally at or before the close of the evidence. See *Newton v. Newton*, 12 Ind. 527; *Boggs v. Clifton*, 17 Ind. 217, 218; *Manning v. Gasharie*, 27 Ind. 400, 410; *McJunkins v. The State*, 10 Ind. 140, 143. The court held in the first two cases above cited, that if the request is not made until after the argument of the case is concluded, and at a time when the court is about to give oral instructions to the jury, the request is made too late, and is not available; and the court further held in the third case cited, that if the request is not made until about five minutes before the conclusion of the argument, the request is not made in time; and also held in this same case, that the request should be made at or before the close of the evidence. And the court then say: "This seems to us to be a reasonable rule. It imposes no hardship on the parties or counsel, and is no more than just to the court." (27 Ind. 410.) The rule also seems reasonable to us; for while it imposes no hardship upon either the parties or the counsel, a different rule might impose great hardship or great inconvenience upon both the court and parties in other cases waiting for their cases to be heard. If counsel may wait until the close of the argument before making the request, it would necessarily cause great delay in the proceedings of the court, and materially increase costs and expenses. Generally, it would require an adjournment of the court to enable the judge to prepare his written instructions.

The foregoing decisions of the supreme court of Indiana were all made prior to the year 1868, when our statute was

6—23 KAS.

adopted, and the first three of said decisions construe a statute of which ours is a literal copy. The fourth decision cited is a decision in a criminal case, construing a statute similar to ours.

We would think that a request made at the close of the evidence and before the commencement of the argument, would always be in time; but the request might be made earlier, and we would think that there might be cases where the request might be made during the argument. But still it would always be safer for counsel to make the request at least as early as the close of the evidence, and before the argument is commenced. In the present case, the request was not made until after the concluding argument was commenced. But whether it was made one minute, or five minutes, or one hour before the conclusion of the argument, is not shown. It is shown, however, that it was not made in time to enable the court to reduce to writing all its instructions before being called upon to give them to the jury. Therefore, following the Indiana decisions, we must say that the request was not made in time.

The judgment of the court below will be affirmed.

All the Justices concurring.