ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY v.
SARAH E. DAWSON.

**No. 227.**

PRACTICE—*Request for Written Instructions—Duty of Court.*
Where there is no rule of court fixing the time, a request made for
written instructions, when the evidence is concluded, is sufficient
to require the trial court to instruct the jury in writing.

Error from Crawford district court; J. S. WEST,
judge. Opinion filed July 18, 1898. Reversed.

*J. W. Gleed*, and *John L. Hunt*, for plaintiff in error.
*Morris Cliggitt*, for defendant in error.

The opinion of the court was delivered by

SCHOONOVER, J.: This is an appeal from the dis-
trict court of Crawford county. There are eight as-
signments of error. The fourth is considered.

It is contended by plaintiffs in error that the trial
court erred in refusing to instruct the jury in writing,
at the close of the evidence, as requested by plaintiff
in error. Section 285, chapter 95, General Statutes
of 1897, provides :

"*Fifth.* When the evidence is concluded and either
party desires special instructions to be given to the
jury, such instructions shall be reduced to writing,

numbered, and signed by the party or his attorney asking the same, and delivered to the court. The court shall give general instructions to the jury, which shall be in writing, and be numbered and signed by the judge, if required by either party.''

The record contains the following:

''And the evidence having been fully submitted on both sides, the defendant requested the court to instruct the jury in writing, and to give the following instructions, which were submitted by the defendant to the court:''

The court instructed the jury orally. It also appears from the record that

'' Thereupon the defendant saved its exceptions to all the instructions as given, and to each and every one as given separately, and also saves its exceptions to the overruling and refusal of the court to give instructions as requested by the defendant.''

Upon the facts in this case as they appear of record, it was error to instruct the jury orally.

Our attention is called by defendant in error to the case of *Union Street Rly. Co. v. Stone,* 54 Kan. 83. In this case there was a substantial compliance with the law. Whatever view may be taken as to the time, it is necessary to make the request. The court said:

''At the conclusion of the evidence, and at the time when the court was about to give oral instructions to the jury, counsel for defendant requested the court to give the instructions in writing. This request was refused, upon the ground that a rule of court required that, if either party desired the general instructions to be in writing, the request must be made at or before the time the jury was impaneled. The instructions as delivered orally were taken down and transcribed by the official stenographer and signed by the judge. They were then delivered to the counsel for defendants at the time they commenced their argument, and were

also delivered to the jury. *Held*, The refusing to instruct in writing was not a prejudicial error."

In the case under consideration, it does not appear that there was a rule of court requiring the request for written instructions to be made before the conclusion of the evidence. It does not appear that the instructions were transcribed and delivered to counsel before argument, or that they were delivered to the jury. The evident intent of the statute requiring the trial court, on request, to instruct the jury in writing is to furnish to counsel in their argument and to the jury in their deliberation the law applicable to the issue and the facts in the exact language of the court, and to preserve the instructions for use in appeals.

From a careful reading of the statute and the authorities cited by counsel, we conclude that where there is no rule of court fixing the time, a request made for written instructions when the evidence is concluded is sufficient to require the trial court to instruct the jury in writing.

(*Wheat v. Brown*, 3 Kan. App. 431; *Rich v. Lappin*, 43 Kan. 666; *City of Atchison v. Jansen*, 21 id. 560; *Scruton v. Hall*, 6 Kan. App. 715.)

The judgment is reversed.